

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,882-01

### EX PARTE ROGELIO CORTEZ MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011-DCR-02120-C IN THE 197TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to ninety-nine years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Martinez v. State*, No. 13-12-00161-CR (Tex. App.—Corpus Christi–Edinburg Mar. 28, 2013).

Applicant contends, among other things, that he was convicted based on false testimony and that trial counsel rendered ineffective assistance. The trial court entered a timely order designating issues, but this application was forwarded to this Court before the trial court could complete its fact finding. Therefore, we remand this application, so the trial court can complete its fact finding.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make findings and conclusions as to whether Applicant's due process rights were violated because he was convicted based on false testimony. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015
Do not publish